IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION


ROBERT LEE HINSON, #B221295,
    Plaintiff,

vs.                                        Case No. 3:09cv112/MCR/EMT

ESCAMBIA COUNTY SHERIFF'S
DEPARTMENT, et al.,
    Defendants.
_____/

## ORDER, REPORT AND RECOMMENDATION

      This cause is before the court on Plaintiff's civil rights complaint filed pursuant to 42 U.S.C. § 1983 (Doc. 1).  Also before the court is Plaintiff's motion for leave to proceed in forma pauperis (Doc. 2).   For the sole purpose of dismissal of this action, leave to proceed in forma pauperis shall be granted.

      Because Plaintiff is a prisoner proceeding in forma pauperis, the court is required to dismiss the complaint if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  Upon review of the complaint, it appears that this case should be dismissed as malicious.

      Questions A and B of Section IV of the complaint form ask whether Plaintiff has initiated other actions in state court (question A) or federal court (question B) dealing with the same or similar facts or issues involved in this action (Doc. 1 at 3).  Where there is a parenthetical area to mark either a "yes" or "no" answer to question A, Plaintiff marked "no" (*id.* at 3).  Where there is a parenthetical area to mark either a "yes" or "no" answer to question B, Plaintiff marked "yes" and then listed Hinson v. Bell, Case Number 3:08cv439/MCR/MD (*id.*).  Question C of Section IV asks, "Have you initiated other actions . . . in **either state or federal court** that relate to the fact or

manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?" (*id.* at 4). Where there is a parenthetical area to mark either a "yes" or "no" answer to this question, Plaintiff marked "no" (*id.*). Question D of Section IV asks, "Have you ever had any action in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service? If so, identify each and every case so dismissed" (*id.*). Where there is a parenthetical area to mark either a "yes" or "no" answer to this question, Plaintiff marked "yes" and then listed <u>Hinson v. Moore, et al.</u>, Case No. 3:01cv00154/RV (*id.*). Thus, Plaintiff has in effect stated that besides the instant lawsuit, he has initiated only <u>one</u> other lawsuit in federal court that deals with the same or similar facts or issues involved in this action; <u>no</u> other federal lawsuits that relate to the fact or manner of his incarceration or conditions of confinement; and only <u>one</u> other lawsuit in federal court that was dismissed as frivolous, malicious, failing to state a claim, or prior to service. At the end of the civil rights complaint form, Plaintiff signed his name after the following statement on the form: "**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.**" (*id.* at 7).

Upon review of the docket, this court takes judicial notice that as of the date Plaintiff filed the original complaint in the instant case, March 16, 2009 (*see* Doc. 1 at 7), he had previously filed <u>Hinson v. Fla. Dept. of Corr.</u>, Case No. 3:99cv385/RV, <u>Hinson v. Bell</u>, Case No. 3:04cv300/RV/EMT, and <u>Hinson v. Dept. of Corr.</u>, 3:99cv473/LAC.[1] Each of the cases dealt with the fact or manner of Plaintiff's incarceration, the conditions of his confinement, and/or were dismissed as frivolous, malicious, failing to state a claim, or prior to service.[2] Plaintiff did not list

---

[1] According to the docket, the inmate number of the plaintiff in Case Nos. 3:99cv385/RV, 3:04cv300/RV/EMT, and 3:99cv473/LAC (#221295) is the same as Plaintiff's.

[2] In Case No. 3:99cv385/RV, Plaintiff claimed that the Department of Corrections (DOC) violated his First Amendment rights by not allowing him to receive "The Source" magazine through the mail because the DOC determined that the magazine posed a security threat. *Id.*, Doc. 1, Complaint. Notably, this case was dismissed as malicious for Plaintiff's failure to list numerous previously filed cases that dealt with the fact or manner of his incarceration. *Id.*, Doc. 9, Report and Recommendation ("R&R"); Doc. 11, Order Adopting R & R. In Case No. 3:04cv300/RV/EMT, Plaintiff's complaint alleged a denial of due process of law and the Sixth Amendment right to a "fair trial" with regard to a state

any of these cases in Section IV of his complaint (*see* Doc. 1 at 3–4), even though the cases qualified as federal court actions that are responsive to the questions and should have been listed.

The information from Section IV of the form is useful to the court in a number of ways. First, the court uses this information to determine whether Plaintiff is subject to the "three strikes" provision of the Prison Litigation Reform Act of 1995. *See* 28 U.S.C. § 1915(g). The information also helps the court to consider whether the action is related to or should be considered in connection with another action, or whether a holding in another action affects the current action. Further, since prisoner plaintiffs generally proceed pro se, the information helps the court to determine their litigation experience and familiarity with the legal terrain of the current action.

By his untruthful answers, Plaintiff has inhibited the efficiency of the court in making these determinations. Plaintiff has affirmatively misrepresented the facts to this court. Plaintiff knew, or from reading the complaint form should have known, that disclosure of his prior actions was required and that dismissal of the action may result from his untruthful answers. If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants. Therefore, this court should not allow Plaintiff's false responses to go unpunished.

The court recommends that an appropriate sanction for Plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this cause without prejudice. Plaintiff should also be warned that such false responses, filed herein or filed in the future, will not be ignored and may result in more severe and long-term sanctions. *See* Warren v. Guelker, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam) (pro se, in forma pauperis prisoner's misrepresentation about previous lawsuits may violate Rule 11).

Accordingly, it is **ORDERED** that:

---

court conviction. *Id.*, Doc. 1, Complaint. The complaint was dismissed prior to service for failure to state a claim upon which relief could be granted. *See id.*, Docs. 4, 6. In Case No. 3:99cv473/LAC, Plaintiff claimed that his eyes were injured as a result of a welding accident at the Santa Rosa Correctional Institution, and the DOC violated his rights by failing to protect him. *Id.*, Doc. 1, Complaint. The complaint was dismissed prior to service for failure to state a claim upon which relief could be granted. *Id.*, Docs. 3, 5.

Case No. 3:09cv112/MCR/EMT

Plaintiff's motion to proceed in forma pauperis (Doc. 2) is **GRANTED** for the sole purpose of dismissal of this action.

And it is respectfully **RECOMMENDED**:

That this cause be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as malicious.

At Pensacola, Florida, this 6th day of May 2009.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten (10) days after being served a copy thereof.  **Any different deadline that may appear on the electronic docket is for the court's internal use only.**  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**